[740 NYS2d 437]

In the Matter of RICK THOMAS HUBBARD, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 15, 2002

### APPEARANCES OF COUNSEL

*Robert P. Guido,* Syosset (*Nancy A. Bolger* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order of this Court dated November 8, 2001, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (i) based upon his professional misconduct immediately threatening the public interest in that he failed to cooperate with the petitioner's

investigation of eight complaints filed against him. That order authorized the petitioner to institute and prosecute a disciplinary proceeding against the respondent, directed him to serve an answer to the petition within 10 days after service upon him of a copy of the order, and referred the issues to the Honorable Vincent Pizzuto, as Special Referee, to hear and report.

The petitioner now moves to disbar the respondent on the ground that he has failed to serve and file an answer to the petition. On November 15, 2001, the order was personally served upon the respondent's secretary, who accepted service on behalf of the respondent at his place of business. A copy of the order was also mailed to the respondent at that address.

To date, the respondent has failed to file an answer to the petition.

The underlying charges were predicated upon the respondent's neglect of legal matters entrusted to him and his failure to cooperate with the petitioner.

The notice of motion to disbar the respondent was personally served upon the respondent's secretary at the respondent's place of business on December 4, 2001.

The respondent submitted an affirmation in response to the petitioner's motion, in which he claims to have a meritorious defense to all of the complaints against him and asserts that his actions were neither willful nor contumacious. The respondent explained that it was not willfulness or disobedience that prevented him from submitting his answer to the petition but, rather, a sense of obligation to his family. The deaths of his uncle and grandfather in October and November 2001, and his mother's diagnosis with cancer have all affected the respondent's family immensely.

The respondent stated that he has not practiced law since being served with the order dated November 8, 2001, and has complied with that order in all respects regarding the transfer of his files to another attorney.

Although the respondent has submitted an affirmation in response to the petitioner's motion, he has yet to file an answer to the petition.

Based upon the respondent's failure to comply with the order dated November 8, 2001, he is in default and the charges in the petition must be deemed admitted. The petitioner's motion to disbar him is granted, he is disbarred on default, and his name is stricken from the roll of attorneys and counselors-at-law, unless he submits a written answer within 10 days after

service upon him of a copy of this opinion and order with notice of entry.

RITTER, J.P., SANTUCCI, ALTMAN, FLORIO and FEUERSTEIN, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent Rick Thomas Hubbard is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, unless he submits a written answer within 10 days after service of this opinion and order with notice of entry; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, until further order of this court, the respondent, Rick Thomas Hubbard, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that in the event the respondent submits an answer to this Court within 10 days after the service upon him of this opinion and order, his default is vacated, the suspension of the respondent from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (i) is reinstated, and the parties are directed to proceed with the previously-authorized disciplinary proceeding; and it is further,

Ordered that the Grievance Committee for the Tenth Judicial District shall personally serve the respondent with a copy of this opinion and order by delivering the opinion and order to the respondent, and within three business days after personal service is completed, shall file proof of such service with the Clerk of this Court.